Labadve, J.
-The plaintiffs, having obtained a judgment against the .'defendant, caused to be seized the Moresque buildings, upon which they had a privilege as builders. A mortgage, with the privilege of the vendor, • existing upcin the lots in favor of the heirs of Morgan, a separate appraisement was made, as prescribed in Article 3235 of the Civil Code, of the ground and of the buildings. The former was appraised at $80,000, and the latter at $135,000. The whole sold by the sheriff for $160,000, on twelve months’ bond to Gauche. There are fourteen intervenors. and third opponents, claiming priority in the distribution of the proceeds, under builder’s or -undertaker’s lien, the heirs of Morgan claim to be recognized as first mortgage creditors to the full amount due them, and •with a privilege on the buildings for $4,000, value of materials of the old buildings used in the new buildings, and which were on the lots wi en sold-by Morgan’s heirs.
We ill first examine the grounds upon which the heirs of Morgan claim -to be paid in full out of the proceeds of the lots, and by privilege for. $4,000 .on the buildings.
*453 The act of sale, of the lots sold by George Morgan’s heirs to the defendant, John O. Barelli, passed on the 12th March, 1860, contains the pact de non alienando, the vendor declaring that he binds himself not to,sell, mortgage, nor in any manner alienate the said property, or any portion thereof, to the prejudice of said mortgage. From that clause they argue that the defendant had no right to incumber the property with privileges which, as regards them, are null and void, and that they must be paid in full out of the proceeds of sale, without regard to the pretended privileges. The Art. 3235, C. C., quoted, makes no distinction, whether there be in the act of sale of land any clause de non alienando; it says: When the vendor of lands finds himself opposed by workmen seeking payment for a house, or other work erected on the land, a separate appraisement is made of the ground and of the house, the vendor is paid to the amount of the appraisement on the land; and the other, to the amount of the appraisement of the building. Ubi lex non distinguil, nee nos distinguere debemus.
We are of opinion that this claim of Morgan’s heirs, is unfounded.,
In regard to the claim of $4,000, by privilege on the proceeds of the buildings for the value of materials of the old buildings, it appears that the buildings, on the lots at the time of the sale, were worth from $6,000 to $8,000, and that the plaintiffs took them in part payment of the contract, to use them in the new buildings, at the price of $4,000. This was necessarily a sale to the undertaker, who became the owner of said materials, and Barelli, the vendee of Morgan’s heirs, having parted with the possession and ownership of said materials, the privilege of the vendor in favor of Morgan’s heirs, was gone and extinguished. These materials of the demolished buildings became movables, and having been replaced in the new buildings, and sold confusedly with other things, it became impossible, on the part of Morgan’s heirs, to show, what price they brought. C. 0., Arts. 3194, 3195, 467. We believe that this privilege on the proceeds should have been rejected.
As between the opponents, plaintiffs say that they should be first paid, as their contract was recorded prior to same, and on the same date with R. Little, and that the latter can only recover so much as is due him.
The undertaking of this immense building was divided, and given out to several contractors.
The plaintiffs contracted for a part on the 10th April, 1860; Robert Little for another part, on the 5th May, 1860; John Mcllvain & Co. for a third part on the 5th May, 1860.
All these contracts were duly recorded, and created concurrent privileges upon the building in favor of the contractors, respectively. ■ The recording of contracts is not governed by date of registration as mortgages are. In large undertakings, as in the one in question, there are sometimes many contracts, and necessarily of different dates. For instance, the roofing, the painting, and others, are undertaken by different individuals, and cannot be done until the building is up. Could it be contended that these last undertakers, because of later dates, would have to give way tó others previously recorded. This is not the sense- of Art. 3239 of the Civil Code. Materials are not all furnished on the same day, nor labor performed at the same time, yet the laborers and furnish *454 ers of materials, inter se, must share the fund pro rata. Hale v. Wills, 3 A. 504; see also the case of Whitla v. Taylor, 6 A. 480. After a careful examination of the record, we have come to the conclusion that the claims of the intervenors and third opponents are all concurrent, and must be paid pro rata out of the proceeds of the buildings, and we are of opinion that the expenses of sale, appraisement, taxes, and such like that are privileged debts on the property, must be paid proportionally out of the proceeds of the land and of the buildings.
John C. Barelli, the defendant, is appellee in this court. His counsel, in a printed brief, urges great many informalities and irregularities in the proceedings of the sale of the property: suchas want of internal revenue stamps; that the sheriff had no authority to sell; that there has been no adjudication of the property made according to law, the sheriff having no writ; that the property did not bring and exceed the amount of the special mortgages and privileges existing on the property, etc. Said John O. Barrelli, not being appellant, cannot seek to change the judgment rendered below, without filing an answer to that effect. No such answer has been filed in this court. The written argument of counsel is not such an answer as is required. Code of Practice, Art. 888. 5 A. 140. 1 A. 340. 18 A. 641. Where a party does not appeal, he 'tacitly acquiesces in the judgment, but should his antagonist appeal, he has the right, by an answer in the appellate court, to pray for a change or amendment of the judgment.
We, therefore, are not at liberty to pass upon the alleged illegal proceedings, and change the judgment.
As between the intervenors and third opponents, the judgment must be amended.
It is therefore ordered, adjudged and decreed that the judgment of the District Court, be amended as follows:
That the $4,000, allowed the heirs of George Morgan for materials of ,the old buildings be rejected, and distributed among the other opponents, with the proceeds of the new buildings, leaving a balance of $59,530 48 for said heirs, oitt of which must be deducted their proportion of expenses, taxes, etc., as above stated. It is further ordered and decreed, that the said judgment as amended be affirmed, and that the widow and heirs of George Morgan pay the costs of ap>peal.